UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHIMBUSCO KOREA CO. LTD.,

          Plaintiff,

- against -

EVERSKILL TRADING LTD., and
CENTRAL OIL CO. LTD. a.k.a.
CENTRAL OIL CO. LTD. a.k.a. MIPO
SHIPPING CO. LTD.,

          Defendants.
------------------------------------------------------X




08 Civ. _____
ECF CASE

## VERIFIED COMPLAINT

Plaintiff, CHIMBUSCO KOREA CO. LTD. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendants, EVERSKILL TRADING LTD.(hereinafter referred to as "Everskill") and CENTRAL OIL CO. LTD. a.k.a. CENTRAL OIL CO. LTD. a.k.a. MIPO SHIPPING CO. LTD.(hereinafter referred to as "MIPO")(collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

    2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with a principal place of business in Wanchai, Hong Kong.

    3.    Upon information and belief, Defendant Everskill was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a place of business in Hong Kong, China.

4. Upon information and belief, Defendant Central Oil Co Ltd. was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a place of business in Seoul, Korea.

5. Upon information and belief, Defendant MIPO was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law with a place of business in Seoul, Korea.

6. Plaintiff was at all material times a seller of bunker fuels, *e.g.*, marine fuel oils, who sold fuel to Defendant Everskill pursuant to several bunker supply contracts. *See Bunker Order confirmations attached hereto as Exhibit "1."*

7. Defendant Everskill instructed Plaintiff to deliver bunker fuel to the following vessels: SUNNY CEDAR, SUNNY PINE, GOLDEN EMERALD, C. LAUREL, BJ ACE, GLORY DALIAN, C.KOREANA, TY EVER, MOONVAZS, HONG FA, GREEN PINE, SILVER YANG, AN DONG, C. MARCH and HAO YUE. Plaintiff performed its obligations under the contracts. *See Plaintiff's Invoices and delivery confirmations attached as Exhibit "2."*

8. Despite due demand, Defendant Everskill has failed to pay Plaintiff's invoices for the bunker fuel. *See Plaintiff's Invoices and delivery confirmations attached as Exhibit "2."*

9. As a result of Defendant Everskill's breaches of the contracts, Plaintiff has sustained damages in the total principal amount of $1,761,312.19 exclusive of prejudgment interest, litigation costs and attorneys' fees. *See Plaintiff's Account Receivable Statement attached hereto as Exhibit "3."*

10. Pursuant to Clause 27 of Plaintiff's Terms and Conditions, all disputes arising thereunder are to be submitted to the Jurisdiction of the Hong Kong Courts with the law of the territory of Hong Kong to apply.

11. The Plaintiff will soon commence an action for damages against Defendant Everskill in Hong Kong.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party by the Hong Kong courts. Plaintiff expects to recover the following amounts:

| | | |
|---|---|---:|
| A. | Principal claim: | $1,761,312.19 |
| B. | Estimated interest on claims: 3 years at 7.0% | $370,000.00 |
| C. | Estimated attorneys' fees and costs of this litigation: | $150,000.00 |
| **Total** | | **$2,281,312.10** |

### DEFENDANTS' RELATIONS

#### I. CENTRAL OIL CO. LTD. and CENTRAL OIL CO. LTD.

13. Upon information and belief, Defendant Central Oil Co. Ltd. (hereinafter referred to as Central Old) became incorporated on July 9, 1997. *See Central Old/Mipo company registry attached as Exhibit 4.*

14. Upon information and belief, Defendant Central Oil Co. Ltd. (hereinafter referred to as Central New) became incorporated on February 5, 2008. *See Central New Company Registry attached as Exhibit 5.*

15. Upon information and belief, Defendant Central Old changed its name to Mipo Shipping Co. Ltd. on or about December 31, 2007. *See Exhibit 4.*

16. Upon information and belief, Defendants Central Old and Central New are commonly owned, operated and managed by the same individuals.

3

17. Upon information and belief, Defendants Central Old and Central New share a common address at 5th Fl., Dongsung Bldg., 17-7 Namdaemunro 4-ga, Jung-gu, Seoul, Korea. *See Exhibit 4, and Exhibit 5.*

18. Upon information and belief, Defendants Central and Mipo share the same telephone and fax numbers of +82-2-3180501 and +82-2-3180506 respectively. *See Lloyd's MIU Company Research attached as Exhibit 5 and Central New's letter to Plaintiff dated 5/2/08 attached as Exhibit 6.*

19. Upon information and belief, Defendants Central Old and Central New share at least one director: Yoo Chan Park. *See Exhibits 4-7.*

20. Upon information and belief, Defendants Central and Mipo share a common email address: centraloil@centraloil.co.kr. *See Exhibits 6-7.*

21. Upon information and belief, Defendant Central New has no separate, independent identity from Defendant Central Old as they are separately incorporated for the purpose of fraudulently avoiding payment of just debts to their creditors.

22. Based on the foregoing, as well as other activities, Central Old and Central New should be considered a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other, and all assets of Central New susceptible to attachment and/or restraint for the debts of Central Old.

23. In the alternative, Defendant Central New is merely a shell corporation through which Central Old conducts its business.

24. Upon information and belief, Defendant Central New is an alias, or agent of Defendant Central Old and/or Central Old is an alias, or agent of Central New.

4

25. By virtue of the foregoing, Central New is properly considered a party to the subject contract as it is the trade name, alter ego and/or alias of Central Old.

26. In the further alternative, Defendants Central Old and Central New are partners and/or are joint venturers.

27. In the further alternative, Defendants Central Old and Central New are affiliated companies such that the Defendant Central New is now, or will soon be, holding assets belonging to Defendant Central Old and vice versa.

*Note: For the remainder of this Verified Complaint Central Old and Central New will collectively be referred to as "Central."*

### II. CENTRAL OIL CO. LTD. and MIPO SHIPPING CO. LTD.

28. Upon information and belief, Defendants Central and Mipo are the same entity as MIPO is merely the new name under which Central manages its operations.

29. Upon information and belief, Defendants Central and MIPO are commonly owned, operated and managed by the same individuals.

30. Upon information and belief, Defendants Central and MIPO share a common address at 5th Fl., Dongsung Bldg., 17-7 Namdaemunro 4-ga, Jung-gu, Seoul, Korea. *See Exhibit 4 and Exhibit 6.*

31. Upon information and belief, Defendants Central and Mipo share the same telephone and fax numbers of +82-2-3180501 and +82-2-3180506 respectively. *See Exhibits 6-7.*

32. Upon information and belief, Defendants Central and Mipo share at least one director: You Chan Park. *See Exhibits 4-7.*

33. Upon information and belief, Defendants Central and Mipo share a common email address: centraloil@centraloil.co.kr. *See Exhibits 6-7.*

34. Upon information and belief Defendant Mipo uses Defendant Central's name in both its email and web addresses of centraloil@centraloil.co.kr and www.centraloil.co.kr respectively. *See Exhibit 6.*

35. Upon information and belief, Defendant Mipo is simply a new name for Defendant Central. *See Exhibit 4 and Exhibit 6.*

36. Upon information and belief, Defendant Mipo has no separate, independent identity from Defendant Central as they are separately incorporated for the purpose of fraudulently avoiding payment of just debts to their creditors.

37. Based on the foregoing, as well as other activities, Central and Mipo should be considered a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other, and all assets of Mipo susceptible to attachment and/or restraint for the debts of Central.

38. In the alternative, Defendant Mipo is merely a shell corporation through which Central conducts its business.

39. Upon information and belief, Defendant Mipo is an alias, or agent of Defendant Central and/or Central is an alias, or agent of Mipo.

40. By virtue of the foregoing, Mipo is properly considered a party to the subject contract as it is the trade name, alter ego and/or alias of Central.

41. In the further alternative, Defendants Central and Mipo are partners and/or are joint venturers.

42. In the further alternative, Defendants Central and Mipo are affiliated companies such that the Defendant Mipo is now, or will soon be, holding assets belonging to Defendant Central and vice versa.

### III. CENTRAL OIL CO. LTD. and EVERSKILL TRADING LTD.

43. Upon information and belief, Defendant Central is the alter ego of Everskill because it dominates and disregards Everskill's corporate form to the extent that Central is actually carrying on Everskill's business and operations as if same were its own.

44. Upon information and belief, Defendants Central and Everskill are commonly owned, operated and managed by the same individuals.

45. Upon information and belief, Defendants Central and Everskill share at least one common owner: You Chan Park. *See Everskill's Annual return attached as Exhibit 8 and Exhibit 6.*

46. Upon information and belief, Defendants Central and Everskill share at least one common director: You Chan Park. *See Exhibits 4-8.*

47. Upon information and belief, Defendant Everskill allegedly made payments on behalf of Defendant Central. *See Bank of China Statement attached as Exhibit 9.*

48. On or about May 15, 2008, Plaintiff sent an invoice to Defendant Central for the delivery of bunker fuel to the M/V TY EVER. *See Exhibit 10.*

49. On or about April 15, 2008, Defendant Everskill directed funds of $49,499.00 to be paid to Plaintiff's account in reference to M/V TY EVER. *See Exhibit 9.*

50. Upon information and belief, the funds directed by Defendant Everskill on April 15, 2008 were sent to the exact account number listed on Plaintiff's May 15, 2008 invoice to Defendant Central for service to M/V TY EVER. *See Exhibit 10 and Exhibit 9.*

51. Upon information and belief, Defendant Central benefitted from Defendant Everskill's 4/15/08 payment to Plaintiff.

52. Upon information and belief, Defendant Everskill acts as paying agent, or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant Central, and/or receive payments being made to Defendant Central. *See Exhibit 9.*

53. Upon information and belief, Defendant Everskill made a payment in the amount of $49,599.00 on behalf of Defendant Central for delivery of bunker fuel to M/V TY EVER. *See Exhibit 9.*

54. It is not common practice in the maritime industry for an independent company to pay for delivery of bunker fuel, where it is not a party to the contract.

55. Upon information and belief, Defendant Everskill has no separate, independent identity from Defendant Central as they are separately incorporated for the purpose of fraudulently avoiding payment of just debts to their creditors.

56. Based on the foregoing, as well as other activities, Central and Everskill should be considered a single economic unit with no corporate distinction between or among them, rendering each liable for the debts of the other, and all assets of Everskill susceptible to attachment and/or restraint for the debts of Central.

57. In the alternative, Defendant Everskill is merely a shell corporation through which Central conducts its business.

58. Upon information and belief, Defendant Everskill is an alias, or agent of Defendant Central and/or Central is an alias, or agent of Everskill.

59. By virtue of the foregoing, Everskill is properly considered a party to the subject contract as it is the trade name, alter ego and/or alias of Central.

60. In the further alternative, Defendants Central and Everskill are partners and/or are joint venturers.

61. In the further alternative, Defendants Central and Everskill are affiliated companies such that the Defendant Everskill is now, or will soon be, holding assets belonging to Defendant Central and vice versa.

62. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, the Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

63. The Plaintiff seeks an Order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any properties of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint, failing which default judgment be entered against it in the sum of **$2,281,312.10.**

B. That since the Defendants cannot be found within this District pursuant to

9

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue an Amended Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$2,281,312.10** belonging to, due or being transferred to, from, or for the benefits of the Defendants, including but not limited to such properties as may be held, received or transferred in the Defendants' names or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishee(s) to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any award in Plaintiff's favor against the Defendants as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: November 12, 2008
New York, NY

                        The Plaintiff,
                        CHIMBUSCO KOREA CO. LTD.

By: _____
Lauren C. Davies (LD 1980)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
ldavies@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                     ) ss.: City of Southport
County of Fairfield  )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Attorney in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      November 12, 2008
            Southport, CT

                                            _____
                                            Lauren C. Davies